431 A.2d 264

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Melvin BROCK, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 2, 1981.

Decided July 2, 1981.

John Halley, Court-appointed, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

### OPINION

WILKINSON, Justice.

Appellant was convicted by a jury of murder of the first degree and of violations of the Uniform Firearms Act. Pro se post-trial motions were filed alleging ineffective assistance of trial counsel. Supplemental post-trial motions were then filed by members of the public defender's office. These motions were dismissed and appellant was sentenced to life imprisonment. On direct appeal, the judgment of sentence was affirmed by the Superior Court in a memorandum decision, *Commonwealth v. Brock*, 270 Pa.Super. 630, 417 A.2d 787 (1979), and we denied allocatur.

In March of 1980, appellant filed a pro se petition under the Post Conviction Hearing Act (PCHA).[1] New counsel was appointed and relief was denied following an evidentiary hearing. This appeal followed.

Appellant's PCHA petition avers that his conviction resulted from (1) the unconstitutional use by the State of perjured testimony; and (2) the unavailability at the time of trial of exculpatory evidence that has subsequently become available and that would have affected the outcome of the trial if it had been introduced. We find these claims to be without merit and therefore affirm the decision of the trial court.

Initially, it is alleged that a Commonwealth witness committed perjury at the trial when he testified on cross-examination that he had never been convicted of burglary. Furthermore, appellant asserts that the assistant district attorney was aware of and acquiesced in the prevarication. The burden was upon appellant to prove these facts. *Commonwealth v. Lee*, 478 Pa. 70, 385 A.2d 1317 (1978).

Assuming, which is not clear, that the Commonwealth witness did give false testimony, there is no indication in the

1. Act of January 25, 1966, P.L. (1965) 1580, *as amended,* 19 P.S. § 1180–1 et seq., repealed by Section 2(a) [1397] of the Act of April 28, 1978, P.L. 202, repeal effective June 27, 1980, as amended by Section 1 of the Act of June 26, 1980, P.L. 265, No. 77, which delayed repeal until June 27, 1981.

record that the assistant district attorney had knowledge of such falsity. We must therefore conclude that the appellant has failed to meet his burden of proof with regard to the first allegation in his petition.

■ Secondly, appellant contends that the after-discovered evidence of this same witness' rather lengthy criminal record in Ohio is sufficient to support the grant of a new trial. We disagree.

It is well established that

"A new trial in a criminal case will be awarded on the ground of after-discovered evidence where the evidence in question (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted."

*Commonwealth v. Coleman*, 438 Pa. 373, 376–77, 264 A.2d 649, 651 (1970) (quoting *Commonwealth v. Hanes*, 162 Pa.Super. 206, 209, 57 A.2d 165, 166 (1948)).

Even assuming that the evidence could not have been obtained prior to the conclusion of trial by the exercise of reasonable diligence, and further assuming that such evidence was admissible, the absence of this evidence was not prejudicial to appellant. The witness' criminal record in Ohio would merely have been additional evidence of prior convictions reflecting crimes of dishonesty and would have been used solely to impeach credibility. This point was in fact conceded at the PCHA hearing by appellant's counsel, apparently in recognition of trial counsel's thorough cross-examination of the witness with regard to his Pennsylvania drug, theft and forgery convictions.

There is therefore no basis upon which to conclude either that the Commonwealth used false testimony at trial or that there now exists new evidence which might result in a reversal of appellant's convictions.

Affirmed.