574 A.2d 1165

COMMONWEALTH of Pennsylvania

v.

Edwin OCASIO, Appellant.

Superior Court of Pennsylvania.

Argued May 3, 1990.

Filed May 24, 1990.

J. Michael Farrell, Philadelphia, for appellant.

Kathy Echternach, Philadelphia, for appellee.

Before DEL SOLE, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from a judgment of sentence for Voluntary Manslaughter, Carrying Firearms on a Public Street or Property, Unlawfully Carrying Firearms Without a License, and Possession of an Instrument of a Crime. Appellant argues that the trial court erred in failing to allow him to question a Commonwealth witness, Jerry Howard, regarding possible bias. For the reasons that follow, we agree, and, accordingly, vacate the judgment of sentence and remand for a new trial.

The events leading to appellant's conviction are as follows: On May 28, 1988 appellant and his brother Hector, the decedent, had an argument on Mutter and Dauphin Streets in Philadelphia. Appellant then returned home to tell their father, Francisco, what had happened. At approximately 10:30 p.m. appellant and Francisco returned to the area where the argument had occurred. Soon thereafter, Hector also returned. Hector and Francisco then began to argue about the incident, and Francisco struck Hector in the head. Thereafter, Hector ran to a friend's car and retrieved a baseball bat. What followed next is disputed. Appellant and Francisco offer one version of the facts; Jerry Howard, an eyewitness, offers another.

Appellant and Francisco testified that appellant went into an abandoned building to get a gun for protection, after Hector had attacked him and Francisco with the baseball bat and threatened to kill them both. See N.T. February 17, 1989 at 110 (testimony of appellant); N.T. February 21, 1989 at 19 (Francisco's testimony). They further stated

that when appellant came out of the building with the gun he told Hector to stop beating Francisco or he would shoot him. Appellant testified that Hector not only continued beating Francisco but that Hector also came after him again. According to appellant, Hector hit the hand in which he was holding the gun, and as he fell to the ground it accidentally discharged, killing Hector. N.T. February 17, 1989 at 111.

Howard provided the only evidence at trial that contradicted the above-mentioned account. According to him, Hector went after his brother with the bat. When another brother, Angel, saw that Hector was going to hit appellant, he and Howard restrained him. Hector then dropped the bat, but Howard continued to restrain him. N.T. February 17, 1989 at 17–22. Howard further testified that appellant then disappeared around a corner. *Id.* at 23. Minutes later, Howard testified, he heard a gunshot and Hector fell to the ground. When he looked in the direction of the shot, he saw appellant standing there, holding something metallic. *Id.* at 43–46.

At trial, on February 17, 1989, counsel for appellant attempted to show that Howard had an interest in providing helpful testimony to the Commonwealth. Specifically, counsel questioned him regarding his arrest on December 15, 1988 for possession of a kilogram of cocaine, and his admission into the ARD program in connection with those charges. The Commonwealth objected, and the court refused to allow this line of questioning. On February 23, 1989, appellant was convicted of the above-mentioned charges. Post-verdict motions were denied on September 27, 1989, and appellant was sentenced to five-to-ten years incarceration for Voluntary Manslaughter, and a concurrent sentence of one-to-two years for Possession of an Instrument of a Crime.[1] This timely appeal followed.

Appellant's primary contention is that the trial court erred in failing to allow him to question Howard regarding

1. No sentence was imposed on the other charges.

possible bias.[2] Specifically, he argues that the trial court denied him his right to confront an adverse witness by refusing to allow him to question Howard regarding his admission into ARD in order to show possible bias in favor of the Commonwealth. We agree.

Our Supreme Court has held that:

[W]henever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury.... [T]he witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it....

[T]he defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise a doubt in the mind of the jury as to whether the prosecution witness is biased. It is not for the court to determine whether the cross-examination for bias would affect the jury's determination of the case....

Thus ... the right guaranteed by Art. I Section 9 of the Pennsylvania Constitution to confront witnesses against a defendant in a criminal case entails that a criminal defendant must be permitted to challenge a witness' self-interest by questioning him about possible or actual favored treatment by the prosecuting authority in the case at bar, or in any other non-final matter involving the same prosecuting authority.

*Commonwealth v. Evans,* 511 Pa. 214, 224–26, 512 A.2d 626, 631–32 (1986). *Cf. Commonwealth v. Simmon,* 521

---

**2.** Appellant also argues that the trial court erred in:
(1) sustaining the Commonwealth's objection to his questioning Mrs. Barbara Howard regarding whether her son told her what happened at a time other than when he spoke with the Assistant District Attorney or defense counsel; and (2) permitting introduction of certain evidence. Because of our disposition of appellant's first claim, however, we need not address these arguments.

Pa. 218, 555 A.2d 860 (1989) (prosecution witness's juvenile probationary status relevant to show bias); *Commonwealth v. Gay*, 369 Pa.Super. 340, 535 A.2d 189 (1988) (evidence indicating that Commonwealth witnesses were on juvenile probation at time of altercation relevant to defense theory that witnesses had motive for testifying on behalf of Commonwealth).

Here, the record reveals that Howard was placed in ARD [3] for possession of a kilogram of cocaine. If he had been tried and convicted for this crime, he would have been sentenced to a minimum of four years imprisonment and fined at least $25,000 under the Drug Trafficking Sentencing Guidelines.[4] That ARD would be made available to a person found in possession of such a quantity of cocaine is very unusual, to say the least. In light of this windfall, Howard certainly had an interest in testifying in a fashion that would be helpful to the prosecution. Under *Evans*, appellant should have had the opportunity to raise this issue for the jury to consider in evaluating Howard's credibility.[5] We therefore hold that the trial court's refusal to allow defense counsel to cross-examine Howard regarding his ARD status violated appellant's constitutionally protected right to confront an adverse witness; accordingly, we vacate the judgment of sentence and remand for a new trial.

For the foregoing reasons, we vacate the judgment of sentence and remand for a new trial.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

3. We note that Howard's participation in the ARD program clearly is a non-final disposition of the charges pending against him. If Howard violates the terms of the agreement by which he was admitted to the ARD program, the charges may be reinstated upon petition by the District Attorney. *See* Pa.R.Crim.P. 185.

4. 18 Pa.C.S.A. § 7508(a)(3)(iii).

5. We also note that Howard's testimony was the sole basis upon which the jury could have based a finding of guilt for the charge of Voluntary Manslaughter. Thus, the trial court's refusal to allow defense counsel to question Howard regarding his possible bias clearly was not harmless.