592 A.2d 1370

**COMMONWEALTH of Pennsylvania**

v.

**Russell JENNINGS, Appellant.**

Superior Court of Pennsylvania.

Argued April 9, 1991.

Filed June 21, 1991.

Petition for Allowance of Appeal Denied
Oct. 31, 1991.

Robert A. Crisanti, Asst. Public Defender, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and CAVANAUGH, CIRILLO, OLSZEWSKI, MONTEMURO, BECK, TAMILIA, POPOVICH and HUDOCK, JJ.

MONTEMURO, Judge:

This appeal comes before us from judgement of sentence imposed following appellant's jury conviction on charges of rape,[1] statutory rape,[2] involuntary deviate sexual intercourse,[3] terroristic threats,[4] and corruption of minors.[5] The sentence imposed was seven and one-half (7½) to fifteen (15) years imprisonment. The charges stemmed from appellant's attacks, which occurred during the period from fall of 1982 to spring of 1983, on his girlfriend's daughter, then eleven years old. Appellant's sexual advances to the child were accompanied by threats that if the child disclosed his conduct, appellant would kill both her and her mother.

Appellant has presented two issues for our review, the first of these, which is couched in terms of ineffective assistance of counsel, asserts that counsel was ineffective for having failed to move that the information, which the Commonwealth was permitted to file without a preliminary hearing, be quashed. Appellant also argues that his Sixth

1. 18 Pa.C.S.A. § 3122.
2. 18 Pa.C.S.A. § 3122.
3. 18 Pa.C.S.A. § 3123(5).
4. 18 Pa.C.S.A. § 2706.
5. 18 Pa.C.S.A. § 6301.

Amendment right to confront the witnesses against him was abridged when the trial court refused to allow him to question the complainant concerning her delinquency adjudications.

As to the first issue, some background is necessary. Appellant was accused of the offenses involved by criminal complaint on October 2, 1987. In February, 1988, the Commonwealth was permitted to file the information after an NEI [6] hearing was held at which the trial court determined that the prosecution had, despite due diligence, failed to locate appellant. Appellant was arrested on other charges in April of 1988, and served while in custody with the warrant for the offenses herein. Although counsel had been appointed in August, 1988, in October and December of 1988, appellant petitioned pro se first for habeas corpus relief, and then for release on grounds of a Rule 1100 violation. At a hearing prior to trial, appellant waived his right to counsel, although the court appointed attorney was instructed to act as "standby," and was denied the relief sought. Appellant then did, with counsel's assistance, proceed to conduct his own defense, albeit unsuccessfully, and this counseled appeal [7] followed.

We first reiterate the standard of review which has recently been restated by our Supreme Court.

In reviewing a claim of ineffective assistance of counsel, [t]he court must first determine whether the issue underlying the claim is of arguable merit. If the claim lacks merit, [the court's] inquiry ceases, as counsel will not be deemed ineffective for failing to pursue a baseless or meritless issue. If, however, the claim has merit, [the court] must then determine whether the course of action

6. *Non est inventus*—He is not found.

7. Although the Office of the Public Defender represents appellant in the instant appeal, as it did during pretrial proceedings, and as standby counsel during trial, we are not precluded from considering this case. *Commonwealth v. McBee,* 513 Pa. 255, 520 A.2d 10 (1986). (Where it is clear from the record either that counsel was ineffective, or that the claim of ineffectiveness is meritless, remand for the appointment of new counsel is not necessary.)

chosen by counsel had some reasonable basis designed to effectuate his client's interests. Finally, appellant must show that counsel's ineffectiveness so prejudiced his case that he was denied a fair trial.

*Commonwealth v. Rollins,* 525 Pa. 335, 344, 580 A.2d 744, 748 (1990).

The claim underlying appellant's assignment of ineffectiveness is that the trial court erred in determining the requirements of Pa.R.Crim.P. 231, which allows the Commonwealth to dispense with a preliminary hearing for good cause, to have been met. The Rule reads as follows:

(a) When the attorney for the Commonwealth certifies to the court of common pleas that a preliminary hearing cannot be held for a defendant because the statute of limitations will otherwise bar prosecution, an information is necessary in order to extradite the defendant, or a preliminary hearing cannot be held for other good cause, the court may grant leave to the attorney for the Commonwealth to file an information with the court without a preliminary hearing.

While "there is no constitutional right, federal or state, to a preliminary hearing," *Commonwealth v. Ruza,* 511 Pa. 59, 64, 511 A.2d 808 at 810 (1986), Pa.R.Crim.P. 141 provides for a preliminary hearing as protection against unlawful detention. *Id.,* 511 Pa. at 64, 511 A.2d at 810; *Commonwealth v. Lyons,* 390 Pa.Super. 464, 568 A.2d 1266 (1989). Dispensation from the Rule 141 requirements is intended only where the case presents exceptional circumstances, *see,* Comment to Rule 231; *Commonwealth v. Costello,* 301 Pa.Super. 537, 448 A.2d 38 (1982), and appellant's claim is premised on their alleged absence. He argues that the Commonwealth failed to exercise due diligence in attempting to locate him. Appellant further claims that he was prejudiced by counsel's dereliction, because he was detained upon the information from the time of his arrest in April of 1988, until trial in 1989.

■ Appellant's underlying assertion of the absence of good cause has at least superficial substance, as fugitive status alone does not constitute good cause under the rule. *Commonwealth v. Ferrari*, 376 Pa.Super. 307, 545 A.2d 1372 (1982); *Commonwealth v. Costello, supra.* Appellant, in fact, relies heavily upon *Costello* in insisting that redress is warranted in his case. There the court found that police efforts to locate the accused were inadequate, and that good cause to proceed without a preliminary hearing was not present.

■ Here, however, prior to trial, upon appellant's claim that the lack of a preliminary hearing resulted in his wrongful detention,[8] the trial court received evidence from the investigating officer as to the search conducted for appellant—the same evidence leading to the earlier determination that appellant was NEI.[9] Appellant's motion for habeas corpus was thereupon denied, thus disposing of his underlying claim, the allegation of ineffectiveness stemming therefrom, and the allegedly resultant prejudice. Moreover, and as the ultimate determinant of the fate of appellant's claim, as this court held when presented with a nearly identical set of circumstances in *Commonwealth v. Lyons, supra.* "The absence of a preliminary hearing ... did not so impair the truth determining process as to require that appellant be

8. The actual habeas corpus petition did, as appellant states, request relief on grounds of a Rule 1100 violation. However, immediately prior to trial appellant repeated several times the claim that his detention had been unlawful due to the absence of a preliminary hearing. The evidence of the search received by the court was clearly directed toward determining whether the information was valid despite the lack of such a hearing, and the habeas motion was denied on that basis as well as on a finding that appellant's speedy trial rights had not been abridged.

9. Specifically, the officer testified that he visited appellant's residence a number of times, at varying times of day. Checks were made at the post office, where it was discovered that appellant was receiving mail at an address other the one given as his residence; visits were made to this second address also without result. Reference was had to the probation office, to the prison, and to the Bureau of Criminal Investigation. Appellant was never present, or did not answer the door at either of the addresses, and had not maintained contact with any official agency.

discharged." *Id.*, 390 Pa.Superior Ct. at 469, 568 A.2d at 1268.[10] Because the correctness of the procedure actually followed had been assessed unfavorably to the appellant, and because he had as well been found guilty at trial, "[a]ny deficiency in the preliminary hearing procedure, therefore, was harmless." *Id.* *See also, Commonwealth v. Ruza,* 511 Pa. 59, 511 A.2d 808 (1986); *Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980); *Commonwealth v. Ferrari, supra.* We see no reason to depart from this conclusion.[11]

Next, appellant argues that because he was limited in his cross examination of the prosecutrix as to her adjudications for delinquency, he was denied his constitutional right to confront the witnesses against him.

> [T]his court has consistently held that the failure to allow a criminal defendant to use a prosecution witness' prior criminal record to establish a possible motive for giving unfavorable testimony against him violates that defendant's right to full confrontation of that witness as provided by the Sixth Amendment of the federal constitution, *Commonwealth v. Slaughter,* [482 Pa. 538, 394 A.2d 453

**10.** Although *Lyons* involved a collateral attack rather than a direct appeal, the same conclusion was reached by the panel even prior to application of the specific principles of the Post Conviction Relief Act, 42 Pa.C.S. § 9543.

**11.** This case was certified for en banc review on the basis that a conflict exists between *Costello* and *Ferrari* as to whether actual or only potential prejudice from the lack of a preliminary hearing need be shown before discharge becomes appropriate. As *Ferrari* points out, "the requirement that a defendant must show both error and prejudice to warrant relief is the general rule in criminal trials," *Id.,* 376 Pa.Superior Ct. at 322, 545 A.2d at 1379. Our supreme court's holding in *Hess, supra,* is similarly germane: "If in fact it is determined that the evidence of the Commonwealth is sufficient to be submitted to the jury, than any deficiency in the presentation before the district justice would have been harmless." *Id.,* 489 Pa. at 589–90, 414 A.2d at 1048. Under these circumstances a finding of potential prejudice becomes meaningless. Moreover, appellant has couched his claim in terms of ineffectiveness of counsel, for which the test involves a showing of actual prejudice stemming from counsel's actions. Given the procedural posture of this case, even had we concluded that *Costello* was controlling, appellant would not have qualified for discharge; however, the prevalence of the actuality rule is conclusive. Therefore, to the extent that *Costello* is inconsistent with the decision in *Commonwealth v. Ferrari, supra,* it is overruled.

(1978) ]; *Commonwealth v. Evans*, [511 Pa. 214, 512 A.2d 626 (1986) ]; *Commonwealth v. Grace Simmon*, [521] Pa. [218,] 555 A.2d 860 (1989). These holdings are consistent with the U.S. Supreme Court's holding in, *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), interpreting the Confrontation Clause in terms of the use of a juvenile record for purposes of showing the motive or bias of a key prosecution witness.

*Commonwealth v. Borders*, 522 Pa. 161 at 164, 560 A.2d 758, 759–60 (1989).

■ In the instant case, appellant complains of the trial court's unwillingness to allow him to cross examine the witness on crimes of which she had been adjudicated delinquent, specifically two for theft and robbery, in order to show her bias against him for having disciplined her for these offenses. This was error. *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); *Borders, supra; Commonwealth v. Ocasio*, 394 Pa.Super. 100, 574 A.2d 1165 (1990). *Commonwealth v. Murphy*, Pa., 591 A.2d 278 (1991).

Whether a trial error violates the federal constitution or state law, the proper standard for assessing harm is the same: "an error can be harmless only if the appellate court is convinced beyond reasonable doubt that the error is harmless." *Commonwealth v. Story*, 476 Pa. 391, 405, 383 A.2d 155, 162 (1978), *citing Chapman v. California*, 386 U.S. 18, 21, 87 S.Ct. 824, 826–27, 17 L.Ed.2d 705 (1967).

Error is considered to be harmless where: 1) the error did not prejudice the defendant or the prejudice was de minimis or 2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or 3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Williams,* 524 Pa. 404, 409, 573 A.2d 536, 539–40 (1990), citing *Story, supra,* 476 Pa. at 410–15, 383 A.2d at 164–66.

We are able to state without hesitation our belief that the court's failure to allow cross examination of the victim's juvenile adjudications was harmless error under this standard. Unlike the cases cited above in which those accused were denied all access to pertinent records, or all alternative means of introducing bias, the trial court herein stated that it would permit questioning as to the witness' summary convictions for shoplifting, as well as making available her entire juvenile record and a synopsis of those points it determined to be exculpatory. Appellant took no advantage of the offer in any respect.[12] Further, the jury was made acutely aware during questioning that appellant had reported the witness for various crimes, that the witness disliked appellant intensely, that she had been in trouble at school for fighting, that she had been placed in various juvenile facilities, that there had been warrants out for her, that she stole money from her mother, and that she was sexually active and had had a child. Moreover, the witness blamed her bad behavior on appellant's attacks, making her aversion to him even more obvious. So far from being denied a demonstration of the witness' hostility toward appellant, of her bias or of some motive to testify falsely, the jury was fully apprised of all these possibilities. Despite the witness' dishonesty and proclivity toward unacceptable conduct, she was found credible. It is unlikely in the extreme, that is, no reasonable doubt arises, that information concerning delinquency adjudications based on theft and robbery would have altered this conclusion, as they would merely have been cumulative of the bias evidence already introduced. *Compare, Commonwealth v. Brock,* 494 Pa. 290, 431 A.2d 264 (1981). This becomes especially clear given appellant's failure to utilize those criminal epi-

12. We note that no claim of ineffectiveness has been made as to this point. Since appellant was representing himself with counsel as backup, it is questionable whether such an allegation would be available in any event.

sodes in the witness' career, e.g., the shoplifting, which the trial court had supplied for impeachment purposes. We therefore find the trial court's error in this matter to be de minimis.

Judgment of sentence affirmed.