654 A.2d 1179

**In the Interest of Kimani Jaja DIXON.**

**Appeal of Kimani Jaja DIXON.**

Superior Court of Pennsylvania.

Submitted Dec. 19, 1994.

Filed Feb. 24, 1995.

24

Linda F. Gerencser, Asst. Public Defender, Lancaster, for appellant.

Joseph C. Madenspacher, Dist. Atty., Lancaster, for Com., participating party.

Before ROWLEY, P.J., and WIEAND and CERCONE, JJ.

WIEAND, Judge:

On June 15, 1994, Kimani Jaja Dixon was adjudicated delinquent, based on charges of aggravated assault and recklessly endangering another person. These charges arose from Dixon's alleged firing of several shots into a van operated by Angel Penzort in the City of Lancaster on the evening of April 28, 1994. A dispositional hearing was held on July 5, 1994, and Dixon was ordered committed to a secure juvenile facility, subject to review in six months, and to make restitution and pay the costs of prosecution. On direct appeal, Dixon argues that the juvenile court erred by unduly restricting his cross-examination of the victim regarding potential bias or motive to testify falsely. In so doing, he argues, the court violated his constitutional right to confront his accuser. After careful review, we reverse the dispositional order of the juvenile court and remand for a new adjudicatory hearing.

At the adjudicatory hearing in this case, the victim, Angel Penzort, identified appellant as one of the two persons who had been firing handguns into the van which Penzort had been driving. Appellant testified on his own behalf and denied taking part in the shooting. He said he had probably been with friends at another location when the shots were fired. The juvenile court, sitting as the trier of fact,[1] found the victim's testimony to be credible and did not believe appellant's denial of involvement. During the hearing, the court limited attempts to cross-examine the victim concerning criminal charges then pending against him. These charges, the defense sought to show, may have demonstrated bias or a motive to testify falsely in the hope of receiving favorable

---

1. In a delinquency proceeding, the juvenile has no right to trial by jury. See: *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); *In the Interest of Davis*, 377 Pa.Super. 46, 51, 546 A.2d 1149, 1152 (1988) (en banc), *affirmed by an equally divided court*, 526 Pa. 428, 586 A.2d 914 (1991).

treatment on the outstanding criminal charges against the victim. This occurred as follows:

Q Do you belong to a gang?

A Nope.

Q You don't? You're currently incarcerated, isn't that correct?

A Yes.

Q Drug charges?

A Yes.

Q You're a drug dealer?

A Not really. For my own use.

Q You had a scuffle with police also, didn't you?

MR. HACKMAN [Assistant District Attorney]: I object at this point, Judge, on relevance.

MR. ENCARNACION [Defense Counsel]: Bias, Your Honor.

THE COURT: I'm sorry?

MR. ENCARNACION: Bias.

MR. HACKMAN: Judge, as far as I know, aggravated assault or resisting arrest is not a crimen falsi crime.

THE COURT: I can't hear what you said.

MR. HACKMAN: It's not a crimen falsi crime, Judge. He is trying to impeach him on other bad acts that he may be involved in.

MR. ENCARNACION: Therefore, it's bias, Your Honor. The fact that he is facing charges.

THE COURT: Well, those are just—he hasn't been convicted of anything yet.

MR. ENCARNACION: But he might be.

THE COURT: But the fact that he is arrested is not a basis for impeachment. He is in prison. You brought that out. All right. There is an objection. We'll sustain it.

BY MR. ENCARNACION:

Q Has anybody from the District Attorney's Office offered you anything in exchange for your testimony?

A No.

N.T. June 15, 1994, at pp. 14–16.

■ "The scope and limits of cross-examination are largely within the discretion of the trial court and its actions pertaining thereto will not be reversed in the absence of a clear abuse of its discretion or error of law." *Commonwealth v. Buehl,* 510 Pa. 363, 388, 508 A.2d 1167, 1179 (1986), *cert. denied,* 488 U.S. 871, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988). See also: *Commonwealth v. Wilson,* 538 Pa. 485, 505, 649 A.2d 435, 445 (1994); *Commonwealth v. Snoke,* 525 Pa. 295, 305, 580 A.2d 295, 300 (1990). Nevertheless, "[c]riminal defendants have a constitutional right to confront witnesses against them, which includes the right to cross-examine. Cross-examination may be employed to test a witness' story, to impeach credibility, and to establish the witness' motive for testifying." *Commonwealth v. Robinson,* 507 Pa. 522, 526, 491 A.2d 107, 109 (1985), citing *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968) and *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). It is well established, therefore, "that a witness may be cross-examined as to any matter tending to show the interest or bias of that witness." *Commonwealth v. Nolen,* 535 Pa. 77, 83, 634 A.2d 192, 195 (1993) (footnote omitted). See also: *Commonwealth v. Butler,* 529 Pa. 7, 14, 601 A.2d 268, 271 (1991); *Commonwealth v. Williams,* 524 Pa. 218, 228, 570 A.2d 75, 80 (1990); *Commonwealth v. Coades,* 454 Pa. 448, 452–453, 311 A.2d 896, 898 (1973). "It is particularly important that, where the determination of a defendant's guilt or innocence is dependent upon the credibility of a prosecution witness, an adequate opportunity be afforded to demonstrate through cross-examination that the witness is biased." *Commonwealth v. Birch,* 532 Pa. 563, 566, 616 A.2d 977, 978 (1992). See also: *Commonwealth v. Lane,* 533 Pa. 276, 279–280, 621 A.2d 566, 568 (1993); *Commonwealth v. Reed,* 435 Pa.Super. 36, 44–48, 644 A.2d 1223, 1227–1228 (1994) (plurality opinion).

Thus, in *Commonwealth v. Evans,* 511 Pa. 214, 512 A.2d 626 (1986), the Pennsylvania Supreme Court declared:

28

> [W]henever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.

> The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise a doubt in the mind of the jury as to whether the prosecution witness is biased. It is not for the court to determine whether the cross-examination for bias would affect the jury's determination of the case.

*Id.* at 224–225, 512 A.2d at 631–632 (footnote omitted). See also: *Commonwealth v. Gentile,* 433 Pa.Super. 381, 387–389, 640 A.2d 1309, 1313–1314 (1994); *Commonwealth v. Rhodes,* 405 Pa.Super. 570, 573–575, 592 A.2d 1360, 1361–1362 (1991). Similarly, the Superior Court has observed:

> As a general rule, defense counsel must be permitted to cross-examine a Commonwealth witness on possible favorable treatment or expectations of such favorable treatment in exchange for testimony for the prosecution. Failure to allow cross-examination to reveal possible bias of this nature is error and will require a new trial unless the error can be shown to have had no impact on the outcome of the case. *See Commonwealth v. Evans,* 511 Pa. 214, 512 A.2d 626 (1986); *Commonwealth v. Jennings,* 405 Pa.Super. 590, 592 A.2d 1370 (1991); *Commonwealth v. Blassingale,* 391 Pa.Super. 395, 571 A.2d 426 (1990). The principle upon which this rule is premised is that the jury should have the opportunity to consider information concerning possible ulterior motives

on the part of the witness in order accurately to assess the witness' credibility.

*Commonwealth v. Culmer*, 413 Pa.Super. 203, 212, 604 A.2d 1090, 1094–1095 (1992). See also: *Commonwealth v. Battiato*, 422 Pa.Super. 285, 296–297, 619 A.2d 359, 364–365 (1993).

Instantly, it is clear that the juvenile court erred by disallowing appellant's cross-examination of the victim regarding pending criminal charges. These charges were relevant to show that the witness's testimony may have been biased by an expectation of favorable treatment from the Commonwealth if he testified against appellant. The juvenile court, it appears, confused appellant's attempt to cross-examine the victim to demonstrate bias with impeachment of a witness's credibility by evidence of prior convictions in the nature of crimen falsi. A similar error was identified by the Supreme Court in *Commonwealth v. Lane, supra,* 533 Pa. at 276, 621 A.2d at 566, where the Court said:

> The trial court improperly intermingled the concepts of impeachment by prior crimen falsi convictions and impeachment for bias stemming from outstanding criminal charges in the same jurisdiction. Impeachment on the latter basis does not depend on the nature of the offense as one evidencing dishonesty, but on the severity of the penalties attending possible conviction of any type of offense, potentially creating a bias due to a motive to aid in the prosecution in order to obtain concessions in the witness's pending prosecution.

*Id.* at 278, 621 A.2d at 567. It was error, therefore, for the juvenile court to conclude that appellant could only impeach the victim's credibility by showing prior convictions for offenses crimen falsi.

■ Having concluded that the juvenile court erred in disallowing appellant's cross-examination of the victim regarding pending criminal charges does not end our inquiry. The decided cases have held that such an error is subject to a harmless error analysis. See: *Commonwealth v. Nolen, supra* 535 Pa. at 85, 634 A.2d at 196; *Commonwealth v. Gentile, supra* 433 Pa.Super. at 389–390, 640 A.2d at 1314; *Common-*

*wealth v. Culmer, supra* 413 Pa.Super. at 213–214, 604 A.2d at 1095; *Commonwealth v. Jennings,* 405 Pa.Super. 590, 597–599, 592 A.2d 1370, 1374–1375 (1991). In determining whether an error may be deemed harmless, the Supreme Court has established the following guidelines:

> In the seminal case of *Commonwealth v. Story,* 476 Pa. 391, 406, 383 A.2d 155, 162 (1978), this Court stated that "an error can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless." The burden of establishing that the error was harmless beyond a reasonable doubt rests with the Commonwealth. *Id.,* 476 Pa. at 406 n. 11, 383 A.2d at 162 n. 11.
>
> Error is considered to be harmless where: 1) the error did not prejudice the defendant or the prejudice was de minimis; or 2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or 3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. *Id.,* 476 Pa. at 410–15, 383 A.2d at 164–66.

*Commonwealth v. Williams,* 524 Pa. 404, 409, 573 A.2d 536, 538–539 (1990). See also: *Commonwealth v. Nolen, supra* 535 Pa. at 85, 634 A.2d at 196; *Commonwealth v. Foy,* 531 Pa. 322, 327, 612 A.2d 1349, 1352 (1992). "An error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless." *Commonwealth v. Rush,* 529 Pa. 498, 503, 605 A.2d 792, 794 (1992), citing *Commonwealth v. Story,* 476 Pa. 391, 409, 383 A.2d 155, 164 (1978). See also: *Commonwealth v. Crews,* 536 Pa. 508, 529–530, 640 A.2d 395, 405–406 (1994); *Commonwealth v. Lewis,* 528 Pa. 440, 451, 598 A.2d 975, 980–981 (1991).

After careful review, we are unable to conclude, beyond a reasonable doubt, that the error of the juvenile court may not have contributed to the adjudication of appellant's delinquen-

cy. Contrary to the Commonwealth's suggestion, the evidence of appellant's guilt was not overwhelming. The determination of his guilt of the charges against him rested primarily upon the juvenile court's finding of credibility regarding the conflicting testimony given by appellant and the victim. When appellant attempted to challenge the victim's credibility by showing that the victim may have been biased because of pending criminal charges against him, the juvenile court erroneously curtailed such cross-examination. The court misapprehended the applicable law by concluding that the victim could be cross-examined only with respect to convictions for *crimen falsi* offenses. This error prevented appellant from exploring fully the possible bias of the victim. In a case such as this, where credibility was the central issue to be decided by the fact finder, the error may well have influenced the decision and, therefore, cannot be deemed harmless.

The dispositional order of the juvenile court is reversed and the case is remanded for a new adjudicatory hearing. Jurisdiction is not retained.