398 A.2d 955

COMMONWEALTH of Pennsylvania

v.

James SISCO, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 9, 1979.

Decided March 14, 1979.

86

William J. Manfredi, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., James Garrett, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, James Sisco, was convicted in the Court of Common Pleas of Philadelphia of murder of the third degree and possession of instruments of crime. He was sentenced to imprisonment for eight to twenty years for murder and one to five years for possession of instruments of crime, the sentences to run concurrently. He has appealed the judgment of sentence for murder to this court and the judgment of sentence for possession of instruments of crime to the Superior Court, which certified that appeal to this court.

Appellant was charged in connection with the killing of Anthony Wilson in Philadelphia on July 9, 1975. The testimony shows that during the late afternoon of that day, the decedent and several friends were on the street in the vicinity of the adjoining residences of appellant and his grandmother. Appellant was also in the street but was not with decedent's party. Appellant and decedent got into a fist fight and the others present broke it up. They got into another fist fight, which was also broken up. Appellant then shot and killed decedent. Several of decedent's companions testified for the Commonwealth that after the fist fights, appellant went into his grandmother's house, came out with a gun, and fired at decedent. Appellant claimed to have acted in self defense. He testified that the decedent accused him of stealing his mother's pocketbook and started

the fist fight. Appellant said that decedent did the same thing after he came out of his grandmother's house and that the entire group followed him and threatened him as he tried to retreat. He claimed that he shot because he feared for his life and that he always carried the gun because of fear of crime. Leona Gross, an eyewitness, testified in rebuttal. She said that appellant came up to her and said, "I got the joint for you." She said she did not want it. Appellant expressed annoyance at that and then approached decedent. Appellant said, "I heard you said I stole your mother's pocketbook," and struck the decedent. According to Gross, appellant was the aggressor.

■ Appellant argues on appeal that the trial court erroneously prevented him from cross-examining Commonwealth witnesses by confronting them with allegedly inconsistent testimony of previous witnesses. We find no error. The scope and manner of cross-examination are within the discretion of the trial judge. *Commonwealth v. Bailey*, 450 Pa. 201, 299 A.2d 298 (1973). The court's decision is not reversible unless there is an abuse of discretion or error of law. *Commonwealth v. Schmidt*, 437 Pa. 563, 263 A.2d 382 (1970). That is not present here. See *Commonwealth v. Holland*, 480 Pa. 202, 389 A.2d 1026 (1978), where we found no abuse of discretion in refusing to allow the defense to ask a Commonwealth witness whether he knew that another had identified someone other than the defendant as the perpetrator of the crime.

■ Another of appellant's contentions is that the trial court improperly refused to grant a mistrial because Leona Gross referred to crimes he allegedly committed other than those he was being tried for. He complains of her references to his having a joint and being accused of stealing decedent's mother's pocketbook. It is normally not permissible to introduce evidence of crimes distinct from those that are the subject of the trial, *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973), but appellant cannot complain in this case. He had already referred to the accusation of the pocketbook theft in his own testimony. Gross referred to his having a joint on direct examination without objection.

There was no objection until she mentioned it on cross-examination. There was no harm to appellant because no new evidence was being conveyed. *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978).

Appellant also alleges that the court erred in refusing his request that the jury be instructed that if two witnesses gave conflicting testimony, it could choose to believe neither. This claim is meritless. The judge told the jury that it was the sole judge of credibility. He said that it was up to the jury to resolve conflicts in testimony and that the jury could believe all, part, or none of the testimony of any witness. He stated the law correctly. *Commonwealth v. Kearney*, 459 Pa. 603, 331 A.2d 156 (1975); *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970). A court may use its own language in charging the jury rather than that proposed by counsel if the issue is adequately, accurately and clearly presented. *Commonwealth v. Harris*, 479 Pa. 131, 387 A.2d 869 (1978). The instructions in this case met that test.

Having considered all arguments, we find no merit to this appeal.

The judgments of sentence are affirmed.

NIX and MANDERINO, JJ., concur in the result.