621 A.2d 566

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Bernard LANE, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 7, 1992.

Decided Feb. 26, 1993.

Norris E. Gelman, Philadelphia, for appellant.

Ronald Eisenberg, Deputy Dist. Atty., Catherine Marshall, Chief, Appeals Div., Karen A. Brancheau, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

FLAHERTY, Justice.

This case raises the question of the scope of a defendant's right to cross-examine a prosecution witness with respect to the witness's pending criminal charges in order to establish a possible evil motive for the witness to testify adversely to the defendant. At appellant's trial, the court prohibited appellant from questioning the witness about his pending charges of kidnapping and attempted rape, as they were not *crimen falsi* offenses, permitting reference to them only as "serious felony charges." The Superior Court held that this was harmless error, 413 Pa.Super. 655, 596 A.2d 252.

In October, 1984, appellant was convicted of second degree murder, robbery, and possession of an instrument of crime for killing Wesley Mahoney in Philadelphia on February 19, 1983. One of the prosecution witnesses, George Thomas, who testi-

fied that appellant had confessed to the murder, was himself, at the time of appellant's trial, faced with prosecution on charges of robbery, theft, kidnapping, and attempted rape. Appellant's counsel, on cross-examination, attempted to interrogate him about the charges to explore a possible motivation for the witness to testify falsely against appellant in order to gain favorable treatment in the separate prosecution he was facing. The trial court permitted reference to the charges of robbery and theft, but prohibited reference to the charges of kidnapping and attempted rape, allowing defense counsel to refer to the latter charges as "other felonies of a serious nature." The reason for the limitation was that attempted rape and kidnapping are not *crimen falsi* offenses and thus carry no implication of mendacity; if the witness were convicted of these offenses, the convictions could not be used to impeach his credibility.

The trial court improperly intermingled the concepts of impeachment by prior *crimen falsi* convictions and impeachment for bias stemming from outstanding criminal charges in the same jurisdiction. Impeachment on the latter basis does not depend on the nature of the offense as one evidencing dishonesty, but on the severity of the penalties attending possible conviction of any type of offense, potentially creating a bias due to a motive to aid in the prosecution in order to obtain concessions in the witness's pending prosecution. Thus, as the Superior Court recognized, distinguishing between the *crimen falsi* charges and the other charges was erroneous. We must decide whether the Superior Court was correct in holding the error to be harmless.

In *Commonwealth v. Evans*, 511 Pa. 214, 512 A.2d 626 (1986), we held that

whenever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for

favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.

. . . .

Thus, we hold that the right guaranteed by Art. I Section 9 of the Pennsylvania Constitution to confront witnesses against a defendant in a criminal case entails that a criminal defendant must be permitted to challenge a witness's self-interest by questioning him about possible or actual favored treatment by the prosecuting authority in the case at bar, or in any other non-final matter involving the same prosecuting authority.

*Id.* at 224–26, 512 A.2d at 631–62. Two recent decisions of this court have confirmed the right of a criminal defendant to cross-examine a prosecution witness regarding a civil action between the same parties related to the criminal episode for which the defendant is on trial, because the pending civil action might create a bias which affects the testimony and credibility of the witness in the criminal proceeding. In *Commonwealth v. Butler,* 529 Pa. 7, 14, 601 A.2d 268, 271 (1991), we stated:

It is well established that a criminal defendant has a right to cross-examine any adverse witness . . . for the purpose of impeaching his credibility. The credibility of a witness may be impeached by evidence which tends to show that the witness had an interest in the outcome of the trial, *Commonwealth v. Sullivan,* 485 Pa. 392, 402 A.2d 1019 (1979), or that the witness's testimony may be untruthful, *Commonwealth v. Updegrove,* 413 Pa. 599, 198 A.2d 534 (1964); or that the witness may possess a bias which colors his testimony, *Commonwealth v. Collins,* 519 Pa. 58, 545 A.2d 882 (1988); *Commonwealth v. Hamm,* 474 Pa. 487, 378 A.2d 1219 (1977).

In *Commonwealth v. Birch,* 532 Pa. 563, 565–66, 616 A.2d 977, 978 (1992), also involving a prosecution witness embroiled in a related civil action with the criminal defendant, we stated: "It is particularly important that, where the determination of a defendant's guilt or innocence is dependent upon the credibili-

ty of a prosecution witness, an adequate opportunity be afforded to demonstrate through cross-examination that the witness is biased."

■ We agree with the Superior Court that the error of the trial court in this case was harmless. The scope of cross-examination is within the discretion of the trial judge. In lengthy in camera discussions prior to the testimony of the witness in question, the trial judge concluded that reference to outstanding charges of robbery, theft, and "other felonies of a serious nature" would give the jury adequate information on which to assess the bias and credibility of the witness. On cross-examination, the witness volunteered that he had been charged with kidnapping, though defense counsel had not mentioned that offense. Thus, the jury was informed that the witness was facing open charges of robbery, theft, kidnapping, and other serious felony charges. The addition of the specific offense of attempted rape would have had merely the effect of smearing the witness much more than clarifying the witness's possible bias in aid of the prosecution.

This conclusion is borne out by examining the closing argument of the defense. In challenging the credibility of the witness, counsel made only one reference to his "open robbery case," suggesting briefly that it provided a motive to lie in this case to "get out of" those charges. It clearly made no difference to the defense that the court had restricted cross-examination to omit reference to the attempted rape charge, for counsel did not emphasize the other felony charges referred to on cross-examination—theft and kidnapping—nor did he refer to "other felonies of a serious nature," but limited his argument to an "open robbery case."

■ A trial court has broad discretion to determine the scope of cross-examination in this as in other situations. *Commonwealth v. Beasley,* 504 Pa. 485, 475 A.2d 730 (1984); *Commonwealth v. Sisco,* 484 Pa. 85, 398 A.2d 955 (1979). The trial court is in the best position to weigh the probative value of introducing specific open criminal charges facing a witness against the prejudicial effect of their introduction. It is quite

clear that the court in this case permitted sufficient latitude on cross-examination to inform the jury that the witness, faced with multiple outstanding felony charges in the same jurisdiction, might be biased against appellant in order to obtain favorable treatment in his own prosecution. To require that a trial judge always permit reference to every single specific charge under these circumstances would be inappropriate and would unnecessarily fetter the sound discretion of the trial courts. Thus, despite the trial court's erroneous focus on *crimen falsi* offenses, appellant suffered absolutely no prejudice.

Accordingly, we must affirm the order of the Superior Court. Order affirmed.

MONTEMURO, J., did not participate in the consideration or decision of this case.

LARSEN, J., files a concurring opinion which is joined by PAPADAKOS, J.

ZAPPALA, J., concurs in the result.

NIX, C.J., files a dissenting opinion.

LARSEN, Justice, concurring.

I agree with the result reached by the majority; however, I do not agree that any error was committed by the trial court. The harmless error doctrine is only applicable to a judicial ruling, not the rationale therefor.

PAPADAKOS, J., joins this concurring opinion.

NIX, Chief Justice, dissenting.

I agree that the trial court committed an error when it limited the defense counsel from questioning a prosecution witness about pending charges of kidnapping and attempted murder.

However, I disagree with the majority's holding that the error was harmless. The following rationale behind our ma-

jority opinion in *Commonwealth v. Evans*, 511 Pa. 214, 512 A.2d 626 (1986), applies equally to this case:

> [W]henever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury.

*Id.* at 224, 512 A.2d at 631. Once the trial judge ruled that defense counsel could not inquire into the kidnapping and attempted rape charges, which were much more grave than the charges of robbery and theft, the defendant was prejudiced in his defense.

The majority notes that defense counsel in his closing argument did not emphasize the pending criminal charges against the witness at the time of his testimony. The majority fails to note that defense counsel had been prohibited from inquiring into the kidnapping and attempted rape charges. Should defense counsel have ignored that order in order to survive a harmless error analysis at the appellate level? We have no way of determining whether the jury would have believed the witness had it known of the attempted rape, and had defense counsel been able to present the entire package of pending criminal charges to the jury. The judge erroneously infringed upon the defendant's constitutional right to confront an adverse witness, and that infringement was prejudicial to the defendant.

Therefore, I would reverse the order of the Superior Court, vacate the judgment of sentence and grant the defendant a new trial.