J-A07029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELLE L PULIZZI | : | No. 770 MDA 2023 |

Appeal from the Order Entered May 25, 2023
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001481-2022

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                         **FILED APRIL 10, 2024**

The Commonwealth has filed an interlocutory appeal from the order denying its motion to limit the scope of the defense's cross-examination of the victim.  We affirm.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth has certified that the instant order will terminate or substantially handicap the prosecution.  **See** Pa.R.A.P. 311(d).  However, we note that our Supreme Court has held that Rule 311(d) is limited to "pretrial ruling[s] result[ing] in the suppression, preclusion or exclusion of Commonwealth evidence."  **Commonwealth v. Cosnek**, 836 A.2d 871, 877 (Pa. 2003).  **Accord Commonwealth v. McKnight**, 305 A.3d 582, 586 (Pa. Super. 2023) (citing **Cosnek** for the proposition that "[a] Commonwealth[] appeal from a pretrial ruling that denied its motion *in limine* to exclude certain defense evidence [is] not appealable under Rule 311(d)").  However, we may exercise jurisdiction over this interlocutory appeal under the collateral order doctrine pursuant to Pa.R.A.P. 313.  **See**, **e.g.**, **Commonwealth v. Jerdon**, 229 A.3d 278, 284 (Pa. Super. 2019) (this Court exercising jurisdiction pursuant to Rule 313 in context of a Commonwealth appeal from an
*(Footnote Continued Next Page)*

The trial court set forth the factual and procedural history of this case:

By way of background, Michelle Pulizzi [("Pulizzi")] was charged with criminal solicitation of institutional sexual assault and institutional sexual assault-sexual contact with a student. The Commonwealth . . . alleged that between February 1, 2018 and June 10, 2018, [] Pulizzi engaged in sexual conversations, exchanged nude photographs, and set up a time and date to have sexual intercourse with J.T., a[n] 18[-]year[-]old high school student. She also allegedly "made out" with J.T. and touched or rubbed her hand over his pants in his groin area. J.T. did not disclose these alleged activities until after he was charged with unlawful contact with a minor, rape of a child, involuntary deviate sexual intercourse (IDSI), sexual assault, indecent assault of a complainant less than 13 years of age, indecent assault without consent, and indecent exposure in 2022.

On May 16, 2023, a jury was selected[,] and the trial was scheduled for May 25, 2023. Between jury selection and the trial date, both parties filed motions, one of which was [] Pulizzi's second motion in *limine* that sought to permit defense counsel to introduce into evidence at the time of trial the docket sheet of J.T.'s charges. During the morning of May 24, 2023, the court held argument on the motion and granted in part the defense motion. During the afternoon on May 24, 2023, the Commonwealth sent an email to the court and defense counsel[,] requesting that the name of the charges against J.T. be precluded[,] as such would only serve to inflame the jury. The Commonwealth relied on the case of **Commonwealth v. Lane**, 621 A.2d 566 (Pa. 1993)[,] and asserted that "the [Pennsylvania] Supreme Court upheld the decision of the trial court to limit the defense to referring to pending charges against a prosecution

_____

evidentiary ruling permitting the defense to admit certain evidence, where (1) the issue does not require this Court to decide the defendant's potential guilt or innocence; (2) the evidentiary issue pertained to the complainant's privacy and thus implicated rights "deeply rooted in public policy going beyond the particular litigation at hand"; and (3) appellate review, if delayed, could occur after an acquittal, after which the Commonwealth would lose the ability to pursue the issue because of the constitutional prohibition against double jeopardy). **See also Miller v. Shutt**, --- A.3d ----, 2024 WL 926929 (Pa. Super. 2024) (noting that "[t]his Court may inquire at any time, *sua sponte*, whether an order is appealable") (internal citation and quotations omitted).

- 2 -

witness as other serious felonies." The Commonwealth asked the court to address this issue the next morning prior to the start of trial.

Immediately prior to the time scheduled for trial to commence, the court permitted counsel for both parties to argue their positions on the record. The Commonwealth argued to preclude the defense from stating the names of any of the charges filed against J.T. and to limit the information to the fact that J.T. was charged with a felony of the first degree with a maximum possible sentence of 40 years. Defense counsel argued that the court had already ruled in his client's favor the previous day and he was concerned with the way this issue came to the court. Nevertheless, he was prepared to counter the Commonwealth's arguments and relied on **Commonwealth v. Davis**, 652 A.[2]d 885 (Pa. Super. 1994) to argue that the victim, as an accuser, must be subject to the utmost scrutiny, particularly where, as here, there were no other witnesses to corroborate the accuser's testimony. Each attorney then responded to the other's arguments. The court took a brief recess to review the cases cited by the attorneys. Then it returned to the courtroom and ruled in favor of the defense and overruled the Commonwealth's objection. However, the court explained that it would provide a cautionary instruction to the jury at the time the evidence was presented. The court reduced [to writing] its ruling [in] an order that specifically set forth the cautionary instruction it intended to read to the jury. [*See*] Order, 05/25/[]23. The prosecutor asked for a brief recess to consult with other members of the District Attorney's Office. After the recess, the prosecutor indicated that the Commonwealth was going to appeal the court's ruling, and the court discharged the jury without the jury being sworn.

On May 26, 2023, the Commonwealth filed its notice of appeal. . . ..

Trial Court Opinion, 8/31/23, at 1-3 (footnote omitted). Both the trial court and the Commonwealth complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue for our review:

Whether the [c]ourt erred in denying the Commonwealth's request to preclude the defense from introducing evidence regarding the specific pending charges against the victim, and to

- 3 -

limit the defense to stating that the highest offense is a felony of the first degree with a maximum penalty of 40 years.

Commonwealth's Brief at 7.

Our standard of review is as follows: "[T]he scope and limits of cross-examination are within the discretion of the trial court and its rulings will not be reversed absent a clear abuse of that discretion or an error of law." **Commonwealth v. Mullins**, 665 A.2d 1275, 1277 (Pa. Super. 1995) (internal citations omitted). An abuse of discretion "is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . .." **Commonwealth v. Brooker**, 103 A.3d 325, 332 (Pa. Super. 2014) (internal citation omitted).

In its sole appellate issue, the Commonwealth argues the trial court abused its discretion in permitting Pulizzi to cross-examine the victim in this case, J.T., using the name of an offense for which he was charged at the time he reported Pulizzi to the police and which was pending at the time of trial. This Court has set forth the law as follows: A witness may be cross-examined as to any matter tending to show interest or bias. **See Mullins**, 665 A.2d at 1277. Additionally:

> [When] a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if

the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.

The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise some doubt in the mind of the jury as to whether the prosecution witness is biased. It is not for the court to determine whether the cross-examination for bias would affect the jury's determination of the case.

*Id*. (internal citation and indentation omitted). Thus:

[T]he right guaranteed by Art. I Section 9 of the Pennsylvania Constitution to confront witnesses against a defendant in a criminal case entails that a criminal defendant must be permitted to challenge a witness' self-interest by questioning him about possible or actual favored treatment by the prosecuting authority in the case at bar, or in any other non-final matter involving the same prosecuting authority.

*Commonwealth v. Ocasio*, 574 A.2d 1165, 1167 (Pa. Super. 1990).

This Court has explained:

The opportunity to impeach a witness is particularly important when the determination of a defendant's guilt or innocence depends on the credibility of the questioned witness. . . . Furthermore, a witness' status as accuser does not obviate the need for full cross-examination. ***To the contrary, the victim, as accuser, must be subject to the utmost scrutiny if his accusations are to fairly form the basis of the criminal prosecution at hand***.

*Mullins*, 665 A.2d at 1278 (internal citations and quotations omitted; emphasis added). *Accord Commonwealth v. Evans*, 512 A.2d 626, 631-32 (Pa. 1986).[2]

The Commonwealth argues the trial court abused its discretion by permitting Pulizzi to ask J.T. about his pending rape charges, specifically, the name of the offense. The Commonwealth stresses that "at no point has the Commonwealth taken the position that [Pulizzi] should be precluded from getting into the maximum penalties and grading of what was the lead charge against him . . ., [r]ape of a child." Commonwealth's Brief at 12.[3] Rather, the Commonwealth's objection is based on the "extreme stigma" attached to the name of the offense that, it maintains, "even with a cautionary instruction, would be so turned against [J.T.] upon hearing it that [the jury] would be unable or unwilling to hear the testimony he offered and come to a reasoned conclusion based on it." *Id*. The Commonwealth emphasizes that "[r]ape of

_____

[2] Pursuant to Pa.R.E. 403, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

[3] The Commonwealth asserts that the charges against J.T. were "withdrawn . . . on grounds unrelated to his willingness to testify [as] a victim in the matter against [Pulizzi]." Commonwealth's Brief at 11. *The Commonwealth concedes Pulizzi would still be entitled to cross-examine J.T. about the charges that were pending at the time he reported Pulizzi*. *See id*. at 11-12.

- 6 -

a child is simply put one of the worst crimes imaginable in the collective consciousness," and the "prejudicial effect is incalculable . . .." ***Id***. at 14.

The trial court considered the Commonwealth's issue and concluded it merits no relief:

> The Commonwealth contended that the defense should be precluded from mentioning the names of the victim's crimes because it is unduly prejudicial. The court could not agree. The alleged victim, J.T., is charged with unlawful contact with a minor, rape of a child, [IDSI] with a child, sexual assault, indecent assault of a complainant, less than 13 years of age, indecent assault without consent, and indecent exposure. J.T. reported the offenses filed against [Pulizzi] over four years after they occurred and shortly after J.T. was charged. The defense argued that the sexual nature of the charges against J.T. and the timing of the filing of the charges and the progression of [Pulizzi's] case as compared to J.T.'s case was information that was relevant and admissible to bring out bias of J.T. in favor of the Commonwealth in the form of hope for or expectation of leniency on his pending charges. The court agreed.
>
> The name of the crime and the potential penalties that could be imposed are what show[] the extent of the potential bias that the witness has in favor of the Commonwealth. Furthermore, under the facts and circumstances of this case; the fact that the alleged victim is charged with serious sexual offenses is not unduly prejudicial because [Pulizzi] is also charged with sexual offenses. The charges against each are similarly distasteful in the eyes of the community: The court also intended to limit the jury's use of the evidence regarding [J.T.'s] pending charges with [a] cautionary instruction . . ..

Trial Court Opinion, 9/18/23, at 6-7.

Following our review, and mindful of our standard of review, we discern no abuse of discretion by the trial court. It is uncontested that a witness may be cross-examined about any matter tending to show interest or bias. ***See Mullins***, 665 A.2d at 1277. Further, while we acknowledge that a rape

allegation against J.T. is prejudicial, we nevertheless note that the prejudice must be balanced against the probative value of the evidence. This Court has noted that defendants have a constitutional right pursuant to Article I, Section 9 of the Pennsylvania Constitution to this effect. **See Ocasio**, 574 A.2d at 1167. Additionally, where, as here, the determination of the defendant's guilt or innocence hinges on the credibility of the witness, the opportunity to impeach is "particularly important," and where the victim is the only witness at issue, that person "must be subject to the utmost scrutiny if his accusations are to fairly form the basis of the criminal prosecution at hand." **Mullins**, 665 A.2d at 1278. We cannot say that the prejudice to the Commonwealth outweighs the defendant's constitutional right to challenge J.T.'s self-interest in this matter; instead, it is "particularly important" that J.T.'s testimony be subject to the "utmost scrutiny." **Id**. That J.T. reported Pulizzi four years after the events at issue, and only shortly after J.T. was charged with unrelated sexual offenses certainly goes to his bias and the jury should know about the possibility that J.T. hoped for favorable treatment in his criminal case.

We are unpersuaded by the Commonwealth's reliance on **Lane**. There, our Supreme Court held it was **error**, albeit harmless error, for the trial court to prohibit references to the charges of kidnapping and attempted rape during cross-examination of a Commonwealth witness. **See Lane**, 621 A.2d at 567. **Lane** lends the Commonwealth no support for several reasons. First, in **Lane**,

our Supreme Court held the prohibition was erroneous. *See id*. Further, *Lane* is distinguishable because the witness in that case was not the victim, but a witness who had testified that the appellant there had confessed to a murder. Additionally, *Lane* was a plurality decision and non-binding. *See Commonwealth v. A.R.*, 80 A.3d 1180, 1183 (Pa. 2013). Lastly, and notwithstanding *Lane*, preclusion of evidence of bias is not harmless error where, *inter alia*, "there [are] no other witnesses who corroborated the victim's testimony . . .[, and m]oreover, the victim [is] the crucial prosecution witness because []he was the victim of the crime[, and c]redibility of the victim and [defendant is] also a key issue . . .." *Davis*, 652 A.2d at 889.

For the foregoing reasons, the Commonwealth is due no relief.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/10/2024