J-A16038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: Y.X.F., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: Y.X.F., MINOR | : | |
| | : | |
| | : | No. 1460 EDA 2024 |

Appeal from the Dispositional Order Entered September 15, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-JV-0000433-2023

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED JANUARY 13, 2026**

Appellant, Y.X.F., appeals from the dispositional order entered in the Northampton County Court of Common Pleas, following his adjudications of delinquency for possession of a firearm by a minor, firearms not to be carried without a license, and use or possession of drug paraphernalia.[1] We affirm.

The Juvenile Court set forth the relevant facts and procedural history of this case as follows:

> On August [2]1, 2023, an adjudication hearing for [Appellant] was held….
>
> The incident at issue occurred on June 20, 2023, when Officer Jonathan Vidal responded to a report of criminal mischief occurring at the Easton public parking garage…. It was reported that a trashcan had been thrown from the top of the garage. Officer Vidal arrived on scene where he

_____

[1] 18 Pa.C.S.A. §§ 6110.1(a), 6106(a)(1), and 35 P.S. §780-113(a)(32), respectively.

observed multiple juveniles on bicycles.  During the course of the investigation, [the officers recovered] an unclaimed black satchel containing a firearm and drug paraphernalia.

The Commonwealth proffered a relevant portion of the surveillance camera footage that they acquired in the course of their investigation.  This was admitted over [Appellant's] objection.  Officer Vidal testified that his employer, the City of Easton, operates and maintains the surveillance cameras located in the garage.  The officer testified that he has a high level of familiarity with the City of Easton's surveillance cameras, as they experience "lots of issues at the parking garage."  Officer Vidal testified that the video showed [Appellant grabbing] the satchel containing the firearm and drug paraphernalia [and attempting to hide it behind a cement pillar when] the officers arriv[ed] on [the] scene.  On cross-examination, Officer Vidal [acknowledged] that the video shows another juvenile bringing the satchel to the parking garage and concedes that [Appellant's] only visible interaction with the satchel was the act of hiding it from the officers.[2]

The Commonwealth next proffered the firearm that was discovered in the satchel, marked as [Exhibit 2].  Officer Vidal testified that [the firearm] was a 40 caliber Smith and Wesson handgun, model number SD40.  The officer testified concerning his additional investigation into this particular firearm, including contacting the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") for a trace of the firearm.  The Commonwealth sought to introduce the results of the ATF trace, as [Exhibit 3], which was opposed by [Appellant] on the grounds of improper authentication under the Pennsylvania Rules of Evidence.  [The court] overrul[ed] the objection[.]  Officer Vidal testified that the ATF trace revealed that this particular firearm was purchased by [Appellant's] father….

_____

[2] We were unable to review the surveillance camera footage as it was not included in the certified record.  Nevertheless, Officer Vidal narrated the contents of the video as it was presented at the adjudication hearing.  Officer Vidal's testimony supports the court's description of the video.  Further, Appellant does not dispute the court's representation of the contents of the video.

> The Commonwealth also proffered [Exhibit 4], which Officer Vidal identified as a screenshot from a Snapchat video depicting [Appellant] brandishing [a firearm that looked similar to the] firearm found in the satchel. Officer Vidal testified that he obtained [Exhibit 4] from other officers at the City of Easton Police Department that were investigating a separate incident. Officer Vidal conceded that he had not viewed the actual video from which the photo was taken- and he had no personal knowledge of who [initially provided the photo/video to the officer]. [The court] admitted [Exhibit 4] over [Appellant's] objection for improper authentication. The Commonwealth also [presented Exhibit 5, which was] seven rounds of 40-caliber ammunition that was found in the firearm [and Exhibit 6, which was the] marijuana grinder and vape pen that was seized from the satchel.

(Juvenile Court Opinion, filed 5/9/24, at 1-3).

At the conclusion of the evidence, the court adjudicated Appellant delinquent of possession of a firearm by a minor, firearms not be carried without a license, and use or possession of drug paraphernalia. On September 12, 2023, the court conducted a dispositional hearing. The court ordered that Appellant be placed in an in-patient treatment facility, followed by a period of probation upon completion of the treatment program. Appellant filed a motion for post-dispositional relief on September 22, 2023, which the court denied on November 21, 2023. On December 12, 2023, Appellant filed a timely notice of appeal. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Due to improper service of this order, the court granted Appellant leave to file a concise statement *nunc pro tunc* on February 27, 2024. On March 11, 2024, Appellant filed a concise statement *nunc pro tunc*.

Appellant raises the following issues for our review:

> Were the three adjudications against [Appellant] based on insufficient evidence?
>
> Were the three adjudications against [Appellant] against the weight of the evidence?
>
> Was the Commonwealth unable to authenticate the surveillance video such that the trial court abused its discretion in admitting the video into evidence?
>
> Was the Commonwealth unable to authenticate the [ATF trace] and was the [ATF trace] introduced in violation of [Appellant's] right of confrontation such that the trial court abused its discretion and/or committed an error of law in admitting the [ATF trace] into evidence?
>
> Was the Commonwealth unable to authenticate the photograph allegedly of [Appellant] holding a handgun such that the trial court abused its discretion in admitting the photograph into evidence?

(Appellant's Brief at 4) (reordered for purpose of disposition).

As a preliminary matter, in his first two issues, Appellant challenges the sufficiency and weight of the evidence concerning his adjudications of delinquency. Nevertheless, the argument sections in his brief for both claims consist of nothing more than a citation to the general standard of review and a brief paragraph of conclusory statements. Appellant fails to identify the elements of the offenses that he is challenging or cite to any relevant authority to support his arguments. As such, Appellant has waived his challenges to

the sufficiency and weight of the evidence.[3]  **See** Pa.R.A.P. 2119(a); **In re R.D.**, 44 A.3d 657, 674 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding that appellant waived issue by failing to support claim in appellate brief with pertinent discussion, references to the record and citations to legal authorities).

In his third issue, Appellant asserts that Officer Vidal lacked direct access to the parking garage's surveillance cameras and was not familiar with the operation of the surveillance system.  As a result, Appellant argues that Officer Vidal could not testify as to whether the cameras were functioning accurately at the time of the incident.  Appellant claims that Officer Vidal did not offer any testimony that confirmed the accuracy of the surveillance camera footage.  Appellant concludes that the court erred in admitting the surveillance video into evidence when the Commonwealth failed to properly authenticate the video.  We disagree.

"Our standard of review on appeals challenging an evidentiary ruling of the juvenile court is limited to a determination of whether the court abused its discretion."  **Interest of G.E.W.**, 233 A.3d 893, 900 (Pa.Super. 2020).  Additionally:

> The admissibility of evidence is within the sound discretion of the trial court ... [and] we will not reverse a trial court's decision concerning admissibility of evidence absent an

---

[3] Although Appellant has waived his challenge to the sufficiency of the evidence, we will discuss **infra** the evidence supporting Appellant's adjudications of delinquency to the extent that it implicates our review of Appellant's other claims.

abuse of the trial court's discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Interest of K.D.-Z.*, 330 A.3d 831, 836–37 (Pa.Super. 2025) (citations and quotation marks omitted).

"The Rules of Juvenile Court Procedure provide that in adjudications, each party shall have an opportunity to present evidence subject to the rules of evidence." *Interest of I.R.-R.*, 208 A.3d 514, 519 (Pa.Super. 2019). Pennsylvania Rule of Evidence 901 governs the authentication of evidence as follows:

### Rule 901. Authenticating or Identifying Evidence

**(a) In General.** Unless stipulated, to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

**(b) Examples.** The following are examples only—not a complete list—of evidence that satisfies the requirement:

(1) *Testimony of a Witness with Knowledge.* Testimony that an item is what it is claimed to be.

\* \* \*

(4) *Distinctive Characteristics and the Like.* The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.

\* \* \*

Pa.R.E. 901.

- 6 -

"Generally, authentication requires a low burden of proof[.]" **Commonwealth v. Jackson**, 283 A.3d 814, 818 (Pa.Super. 2022). "Demonstrative evidence such as photographs, motion pictures, diagrams and models must be authenticated by evidence sufficient to support a finding that the demonstrative evidence fairly and accurately represents that which it purports to depict." Pa.R.E. 901, cmt. Additionally, "[i]t is not necessary that the maker of [a] videotape testify to the tape's accuracy; any witness familiar with the subject matter can testify that the tape was an accurate and fair depiction of the events sought to be shown." **Commonwealth v. Impellizzeri**, 661 A.2d 422, 428 (Pa.Super. 1995), *appeal denied*, 543 Pa. 725, 673 A.2d 332 (1996).

Instantly, Officer Vidal testified that the surveillance cameras in the parking garage were operated by his employer, the City of Easton. Officer Vidal further stated that he had a high degree of familiarity with these cameras because he frequently responded to calls about issues at the parking garage, requiring him to review the surveillance footage. Officer Vidal explained that he responded to the scene on the day in question. Specifically, Officer Vidal testified that he spoke with the juveniles that were present, including Appellant, and saw the black satchel that was depicted in the video. As such, Officer Vidal was physically present on the scene when the footage was captured and could verify the accuracy of the footage based on his own observations from the scene. On this record, we cannot say the court abused its discretion in finding that the Commonwealth had sufficiently authenticated

the surveillance video through Officer Vidal's testimony. *See* Pa.R.E. 901(b)(1) and (4); *Interest of G.E.W, supra*.

In his fourth and fifth issues combined, Appellant asserts that the court erred in admitting the ATF trace and the Snapchat screenshot into evidence when the Commonwealth failed to properly authenticate these exhibits. Appellant asserts that the court's error was not harmless because the Commonwealth failed to present any evidence that Appellant opened the satchel, handled the firearm or drug paraphernalia found in the satchel, or otherwise knew that the firearm and drug paraphernalia were inside the satchel. Appellant claims that the ATF trace and Snapchat screenshot were the only evidence introduced by the Commonwealth that even minimally supported an inference that Appellant was aware that the firearm and drug paraphernalia were in the satchel. Appellant insists that without these two exhibits, the Commonwealth was utterly unable to connect Appellant to the firearm and drug paraphernalia found in the satchel. Appellant concludes that the court's error in admitting these exhibits was not harmless, and this Court should vacate his adjudications of delinquency. We disagree.

In making an evidentiary ruling, "[if] the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error." *Interest of K.D.-Z., supra* at 837 (citation omitted). Nevertheless, "[t]o constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Id*. In determining whether an error may be deemed harmless in a

juvenile adjudication proceeding, this Court has stated:

> [A]n error can be harmless only if the appellate court is convinced beyond a reasonable doubt that the error is harmless.  The burden of establishing that the error was harmless beyond a reasonable doubt rests with the Commonwealth.
>
> Error is considered to be harmless where: 1) the error did not prejudice the defendant or the prejudice was *de minimis*; or 2) the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or 3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*In Int. of Dixon*, 654 A.2d 1179, 1182 (Pa.Super. 1995) (citations and quotation marks omitted).

The offenses of which Appellant was adjudicated delinquent are defined, in relevant part, as follows:

### § 6110.1.  Possession of firearm by minor

**(a) Firearm.**—Except as provided in subsection (b), a person under 18 years of age shall not possess or transport a firearm anywhere in this Commonwealth.

18 Pa.C.S.A. §6110.1(a).

### § 6106.  Firearms not to be carried without a license

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a

felony of the third degree.

18 Pa.C.S.A. §6106(a)(1).

### § 780-113.  Prohibited acts; penalties

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\*   \*   \*

(32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113(a)(32).

Each of these offenses require possession as an element of the offense. "When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession…" *Commonwealth v. Jones*, 874 A.2d 108, 121 (Pa.Super. 2005).  "Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control.  *Id*.  "The intent to exercise conscious dominion can be inferred from the totality of the circumstances."  *Id*.

[A] defendant's mere presence at a place where contraband is found or secreted is insufficient, standing alone, to prove that he exercised dominion and control over those items. Thus, the location and proximity of an actor to the contraband alone is not conclusive of guilt.  Rather, knowledge of the existence and location of the contraband is a necessary prerequisite to proving the defendant's intent to control, and, thus, his constructive possession.

- 10 -

*Commonwealth v. Parrish*, 191 A.3d 31, 36-37 (Pa.Super. 2018), *appeal denied*, 651 Pa. 10, 202 A.3d 42 (2019) (internal citations and quotation marks omitted). "[T]he power and intent to control the contraband does not need to be exclusive to the [defendant] … and may be found in one or more actors where the item in issue is in an area of joint control and equal access." *Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 437-38 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 285 A.3d 879 (2022).

Additionally:

> It is well established that, as with any other element of a crime, constructive possession may be proven by circumstantial evidence. In other words, the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue.

*Parrish, supra* at 36-37 (internal citations and quotation marks omitted).

Instantly, the Juvenile Court concedes that it erred in admitting the ATF trace and the Snapchat screenshot over Appellant's objection that the Commonwealth failed to properly authenticate the exhibits.[4] Nevertheless,

_____

[4] Regarding the ATF trace, Officer Vidal testified that he did not prepare the document but received it from the ATF. The document was not certified by a legal custodian as true and correct nor was it accompanied by a certificate with a seal. The document presented by the Commonwealth was a printed copy of the report and further specified that the information in the report must be validated prior to use in a criminal proceeding. As such, the court concluded that it erred in admitting the ATF trace into evidence because the Commonwealth failed to properly authenticate the document. **See** Pa.R.E. 902 (listing items of evidence that are self-authenticating, including public

*(Footnote Continued Next Page)*

the court found that the errors were harmless because the overwhelming video and testimonial evidence sufficiently established Appellant's possession of the firearm and drug paraphernalia such that any prejudice based on the erroneously admitted exhibits was minimal.

The record supports the court's conclusions regarding harmless error. Officer Vidal testified that Appellant was present at the parking garage when the black satchel containing the firearm and drug paraphernalia was recovered. The Commonwealth presented surveillance video showing that Appellant was at the parking garage with a group of juveniles, including the juvenile that brought the black satchel to the location. The video further shows that when officers arrived on the scene, Appellant moved the satchel and placed it behind a pillar to hide it from the approaching officers. Appellant is correct that his proximity to the black satchel alone cannot establish constructive possession. *See Parrish, supra*. Nevertheless, Appellant's

_____

documents that are sealed and signed, public documents that are signed and certified, and certified copies of public records). *See also* 42 Pa.C.S.A. § 5328 (stating that official record may be evidenced by official publication thereof or by copy attested by officer having legal custody of record, or by his deputy, and accompanied by certificate that officer has custody).

With respect to the Snapchat screenshot, Officer Vidal testified that he acquired the screenshot from another officer. Officer Vidal did not see the Snapchat video from which the screenshot originated. He further admitted that he did not know who initially provided the Snapchat video or the screenshot to the other officer. The court concluded that it erred in admitting the Snapchat screenshot into evidence because Officer Vidal's testimony was insufficient to properly authenticate the exhibit. *See* Pa.R.E. 901.

proximity, taken together with Appellant's action in moving the satchel to hide it from the officers' view, was sufficient for the court to conclude that Appellant knew of the contraband in the satchel and exercised dominion and control over it. As such, there was ample evidence for the court to find that Appellant constructively possessed the firearm and drug paraphernalia to support his adjudications of delinquency. **See Commonwealth v. Muhammad**, 289 A.3d 1078, 1091 (Pa.Super. 2023), *affirmed*, ___ Pa. ___, 335 A.3d 1047 (2025) (holding that evidence of appellant's proximity to firearm and efforts to conceal it from law enforcement sufficiently established that appellant constructively possessed firearm); **Commonwealth v. Cruz**, 21 A.3d 1247, 1253 (Pa.Super. 2011) (holding Commonwealth established constructive possession where evidence was presented that appellant was seen moving toward where gun was located in car as soon as he was aware that he was being stopped by officers and exhibited consciousness of guilt).

Comparatively, the prejudicial effect of the erroneously admitted exhibits was minimal. As Appellant acknowledges in his brief, the probative value of the ATF trace and the Snapchat screenshot was insignificant. The ATF trace, without additional context, does not provide strong support to establish that Appellant possessed the gun on the day in question. Although the ATF trace shows that Appellant's father purchased the firearm that was found in the satchel, there was no evidence to demonstrate that Appellant had access to the firearm at any point. Similarly, the Snapchat screenshot has no

probative value because Officer Vidal testified that he did not know when the photo was taken and could not confirm that the gun in the photograph was the same gun that was recovered from the satchel. As such, the erroneously admitted evidence adds little to no substantive value to establish that Appellant constructively possessed the contraband in question. Additionally, the fact that the court was the fact-finder in this case supports the court's rationale that any error in the evidentiary rulings was harmless. *See In re J.H.*, 737 A.2d 275, 279 (Pa.Super. 1999), *appeal denied*, 562 Pa. 671, 753 A.2d 819 (2000) (stating that court sitting as factfinder in juvenile adjudication proceeding is presumed to consider evidence for its proper purpose only and disregard that which is prejudicial).

On this record, we agree that any error in admitting the two objectionable exhibits was harmless. *See In Int. of Dixon, supra*. As such, Appellant is not entitled to relief, and we affirm Appellant's adjudications of delinquency.

Dispositional Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/13/2026